IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CYNTHIA GALIGHER, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 2:20-cv-2140-PKH

**NEO CABINET, INC., NEO HOLDINGS, LLC,**                         **DEFENDANTS**
**and NATHAN FRITZE**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Cynthia Galigher ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys Lydia H. Hamlet and Josh

Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action

("Complaint") against Defendants NEO Cabinet, Inc., NEO Holdings, LLC, and Nathan

Fritze (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of

all others similarly situated, against Defendants for violations of the overtime provisions

of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the overtime

provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the

"AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and reasonable attorneys' fees and costs as a result of

Defendants' failure to pay Plaintiff the legal minimum wage and proper overtime

compensation under the FLSA and the AMWA for all hours that Plaintiff and all others similarly situated worked.

## II.    JURISDICTION AND VENUE

3.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendants employed Plaintiff at their facilities located within the Fayetteville Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.     Plaintiff is an individual and resident of Crawford County.

7.     Separate Defendant NEO Cabinet, Inc. ("NEO Cabinet") is a foreign for-profit corporation registered to do business in Arkansas.

8.     NEO Cabinet's registered agent for service is Nathan Fritze, at 444 Old Wire Road, Springdale, Arkansas 72764.

9.     Separate Defendant NEO Holdings, LLC ("NEO Holdings"), is a limited liability company, registered to do business in Oklahoma.

10.    NEO Holdings is not registered to do business in Arkansas.

11.    NEO Holdings does business in Arkansas.

12.     NEO Holdings's registered agent for service is Fleming & Associates, LLC, at 221 South Florence Avenue, Suite 120, Claremore, Oklahoma 74017.

13.     Separate Defendant Nathan Fritze ("Fritze") is an individual and resident of Arkansas.

### IV.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15.     Fritze is the owner, principal, officer and/or director of NEO Cabinet.

16.     Fritze is the owner, principal, officer and/or director of NEO Holdings.

17.     Fritze manages and controls the day-to-day operations of NEO Cabinet and NEO Holdings, including but not limited to the decision to not pay Plaintiff for all hours worked, nor a sufficient premium for hours worked in excess of forty (40) per week.

18.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19.     Upon information and belief, the revenue generated from NEO Cabinet and NEO Holdings was merged and managed in a unified manner.

20.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21.     Within the three (3) years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

22.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24.     Defendant NEO Cabinet is a furniture and cabinet installation company.

25.     Defendant NEO Holdings is a real estate and property management company.

26.     At all times material herein, Plaintiff was a shared employee of NEO Cabinet and NEO Holdings, and Defendants were joint employers with respect to Plaintiff.

27.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28.     Defendants employed Plaintiff from approximately June of 2019 until July of 2020.

29.     For approximately the first nine (9) months of Plaintiff's employment, Plaintiff worked up to six hours per week and received a monthly rent credit as compensation.

30.     During this time, Defendants sometimes did not pay Plaintiff a lawful minimum wage for all hours worked.

31.     From approximately March of 2020 until July of 2020, Defendants paid Plaintiff an hourly wage in addition to paying Plaintiff a rent credit.

32.     Defendants NEO Cabinet and Fritze also employed other hourly-paid workers within the three years preceding the filing of this lawsuit.

33.     Plaintiff worked for Defendants as both a Bookkeeper and a Property Manager.

34.     As a Bookkeeper, Plaintiff was primarily responsible for handling accounts payable, collections on receivables, payroll, and any and all other such bookkeeping duties for Defendants.

35.     As a Property Manager, Plaintiff was primarily responsible for collecting and recording rent payments from tenants, remaining on-call for tenants indefinitely, responding to emergency maintenance calls, listing and showing available properties to prospective tenants, and maintaining all relevant files for Defendants' properties, including leases and renewals.

36.     At all times material herein, Plaintiff has been classified by Defendants as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

37.     NEO Cabinet and Fritze also classified other hourly workers as non-exempt from the overtime requirements of the FLSA and the AMWA.

38.     At all relevant times herein, Defendants directly hired Plaintiff and other hourly workers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

39.     Plaintiff and other hourly workers regularly worked in excess of forty (40) hours per week throughout their tenure with NEO Cabinets and Fritze.

40.     NEO Cabinet and Fritze paid Plaintiff and other hourly workers their regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

41.     Payment for hours worked over forty were listed on hourly workers' paystubs as non-taxable "reimbursement."

42.     NEO Cabinet and Fritze did not pay Plaintiff and other hourly workers an overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

43.     Plaintiff regularly worked hours for which she was not paid. Specifically, Plaintiff performed duties as a Property Manager off-the-clock.

44.     Plaintiff estimates that she worked ten to fifteen hours per month which were not recorded or compensated except for a one-time payment of $700.00.

45.     Because Plaintiff worked hours which went uncompensated, Defendants failed to pay Plaintiff a proper minimum wage and a lawful overtime premium for all hours worked over forty each week.

46.     Defendants knew or should have known that Plaintiff was working hours off-the-clock for which she was not compensated.

47.     Defendants included a rent credit as part of Plaintiff's wages.

48.     During weeks in which Plaintiff worked over forty (40) hours, Defendants paid an improper overtime rate because Defendants failed to include the value of the rent credit that Defendants provided to Plaintiff when calculating her overtime rate.

49.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

50.     Therefore, Defendants violated the FLSA by not including all forms of compensation, such as rent credit, in the regular rate when calculating overtime pay.

51.     At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over 40.

52.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by NEO Cabinet and Fritze within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

55.     Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees who worked more than
forty hours in any week within the past three years.**

56.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

57.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

58.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.     They were classified by NEO Cabinet and Fritze as nonexempt from the overtime requirements of the FLSA;

B.     They were paid an hourly wage; and

C.     They were subject to NEO Cabinet's and Fritze's common policy of failing to pay an overtime premium for all hours worked over forty (40) per week.

59.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds ten (10) persons.

60.     NEO Cabinet and Fritze can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

61.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

62.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

63.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

64.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor ("DOL") regulations.

67.    Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

68.    Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

69.    Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent credit, in the regular rate when calculating Plaintiff's overtime pay.

70.    Defendants failed to pay Plaintiff for all hours worked, including one and one-half times her regular rate for all hours worked in excess of forty hours per week.

71.    Defendants knew or should have known that their actions violated the FLSA.

72.    Defendants' conduct and practices, as described above, were willful.

73.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorneys' fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

74.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

76.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

77.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

80.    NEO Cabinet and Fritze classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

81.    NEO Cabinet and Fritze failed to pay Plaintiff and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty hours per week.

82.    NEO Cabinet and Fritze deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

83.    NEO Cabinet and Fritze knew or should have known that their actions violated the FLSA.

84.    NEO Cabinet's and Fritze's conduct and practices, as described above, were willful.

85.    By reason of the unlawful acts alleged herein, NEO Cabinet and Fritze are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

86.    NEO Cabinet and Fritze have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

87.     Alternatively, should the Court find that NEO Cabinet and Fritze acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

88.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

89.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

90.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

92.     Defendants classified Plaintiff as non-exempt from the requirements of AMWA.

93.     Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

94.     Defendants failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

95.     Defendants knew or should have known that their practices violated the AMWA.

96.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

97.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cynthia Galigher, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime wages under the FLSA, the AMWA, and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     Judgment for damages for all unpaid minimum wage compensation owed to Plaintiff under the FLSA, the AMWA, and their related regulations;

F.     Judgment for liquidated damages owed to Plaintiff for all unpaid minimum wage compensation owed to Plaintiff under the FLSA, the AMWA, and their related regulations;

G.      An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorneys' fee and all costs connected with this action; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CYNTHIA GALIGHER,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com