IN THE UNITED STATES DISTRICT COURT
WESTERN DISTTRICT OF ARKANSAS
FORT SMITH DIVISION

**CYNTHIA GALIGHER, Individually and**                      **PLAINTIFF**
**On Behalf of All Others Similarly Situated**

**VS.**                              **No. 2:20-cv-2140-PKH**

**NEO CABINET, INC., NEO HOLDINGS,**                      **DEFENDANTS**
**LLC, and NATHAN FRITZE**

**SEPARATE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF
NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION**

COMES NOW the Separate Defendant, Nathan Fritze, by and through his attorney, Joshua A. Daniels, and for Separate Defendant's Response to Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, and states as follow:

**I. INTRODUCTION**

The Fair Labor Standards Act ("FLSA"), allows for an employee to bring a cause of action to recover for an alleged violation of the FLSA, such as unpaid overtime wages against their employer. *29 U.S.C. §216(b)*. Further, under the FLSA, a Plaintiff can bring a cause of action on behalf of themselves or other similarly situated individuals, by making a showing of "substantial allegations" that the Plaintiff and others similarly situated were the victim of a single act, plan, or policy in violation of the FLSA. *Id*. A similarly situated employee may only become a Plaintiff in a collective action by opting-in to the litigation. *Id*. Here, the Plaintiff has

brought an action for the recovery of alleged unpaid overtime expenses incurred during her employment by NEO Cabinets, Inc., NEO Holdings, Inc., and Nathan Fritze ("the Defendants"). The Plaintiff has further filed a Motion for Conditional Certification as a collective- action class. Plaintiff brings this Motion, on a limited record consisting of the Complaint, Defendant's Answers, an Affidavit by herself and an Affidavit by her attorney.  While Plaintiff contends that the Defendants have implemented a policy regarding the payment of overtime that is in violation of the FLSA, the Plaintiff fails to specifically identify any other potential opt-in Plaintiffs, much less any other putative Plaintiffs that desire to opt-in, or identify that there is a willful and systematic violation of the FLSA.  Plaintiff relies heavily on her own affidavit and personnel observations while employed by the Defendants in making these accusations, however, Plaintiff fails to provide any admissible evidence as to this alleged practice carried on by the Defendants.

      Therefore, the Court should deny Plaintiff's Motion, as she has failed to meet even the lenient burden required of her in the notice stage of the Court's inquiry. Granting conditional certification would only function to solicit undesiring opt-in Plaintiffs who have not claimed an injury or raised a concern regarding their employment by the Defendants.

      Finally, should the Court be inclined to grant conditional certification, it should drastically narrow the proposed class while simultaneously curtailing the overbroad and unorthodox notice and notification measures proposed by the Plaintiff.

## II. RELEVANT FACTS

1.      Plaintiff contends in June 2019 she began employment with the Defendants as a Bookkeeper whose primary duties were handling accounts payable, collections on receivables, and all other such bookkeeping duties for the Defendants.

2.	Plaintiff further states, nine (9) months into her employment, she was promoted to a position as a property manager whose primary responsibilities include those associated with property management such as collecting rent payments, handling the property listings, remaining on-call for tenants, responding to emergencies, and handling the business records for the property.

3.	As a result of this employment, Plaintiff contends she worked several hours, especially as a property manager, "off-the-clock" in which she was not properly reimbursed for.

4.	At all times relevant herein, the Separate Defendant, Nathan Fritze, maintains he has and continues to abide by fair and legal business practices in compliance with the FSLA, including fair payment of overtime wages required in compliance with the FSLA and other applicable legal standards.

5.	Plaintiff now brings this suit, and accompanying Motion for Conditional Class Certification, solely on the basis of her own testimony and personal knowledge of the Defendants alleged business practices. While the Plaintiff alleges that she has personal knowledge of the other potential parties that were harmed by the Defendants, she identifies no other party specifically that she purports to represent or provides no other facts as to the basis of her claims and request for collective- action certification.

### III. LEGAL ARGUMENT

### A. APPLICABLE LEGAL STANDARD FOR FLSA CONDITIONAL CERTIFICATION.

Under the FLSA, a Plaintiff seeking conditional certification has the burden to bring forth real and substantial allegations of an actual violation of the FLSA by the Defendant. These real and substantial allegation must have negatively affected other "similarly situated" plaintiffs who

wish to join the lawsuit. *F.L.S.A. §216(b)*. While the Plaintiff correctly alleged that she is held to a lenient standard in meeting this burden, Plaintiff failed to mention Conditional Certification under Section 216(b) of the FLSA is not mandatory nor automatic. The Plaintiff still must meet the minimal criteria for Conditional Certification, which she has failed to do, and therefore, Conditional Certification should not be granted.

**1. Conditional Certification Is Not Automatic nor Mandatory.**

Section 216(b) of the FLSA allows for a Plaintiff seeking relief to bring a "collective action" on behalf of similarly situated persons. *29 U.S.C. §216(b)*. A Plaintiff seeking conditional certification of a collective-action brought under the FSLA has the burden of establishing she is "similarly situated" to the other members of her proposed collective-action class. See, e.g., *Bishop v. Petrochem. Transp., L.L.C.*, 582 F. Supp. 2d 1290, 1294 (E.D. Cal. 2008). "The Plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1066 (W.D. Mo. 2020). Neither the FLSA nor the Eighth Circuit have officially defined "similarly situated," however, Eighth Circuit courts have generally employed a two-step process when granting or denying collective-action certification. As Plaintiff suggests, this process consist of the "notice" stage that generally occurs earlier in the process and a decertification stage occurring after discovery has been completed. Under the two-step approach, Conditional Certification is determined at the "notice" stage and final certification is determined at the "Decertification" stage. *Freeman v. Wal–Mart Stores, Inc.,* 256 F.Supp.2d 941, 944 (W.D.Ark.2003)

**2. A Plaintiff Seeking Conditional Certification Must Provide Real and Substantial Allegations.**

While the burden on the Plaintiff is relatively low at this initial stage, it is not invisible, and mere allegations will not suffice. *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734CDP, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (citing *Parker v. Rowland Express, Inc*, 492 F. Supp. 2d 1159 (D. Minn. 2007). Courts have generally applied a more lenient standard of review during the first stage, however, "Plaintiffs [still] must present more than mere allegations; i.e., some evidence to support the allegations is required." *Young v. Cerner Corp.,* 503 F.Supp.2d 1226, 1229 (W.D.Mo.2007). Contained within this supporting evidence should be "evidence that other similarly situated individuals desire to opt-in to this litigation." *Bouaphakeo v. Tyson Foods, Inc.,* 564 F. Supp. 2d 870, 892 (N.D. Iowa 2008).

In determining whether potential Plaintiffs have been identified, courts have considered various factors including "whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class exists." *Id.* quoting ((*Jimenez v. Lakeside Pic–N–Pac, L.L.C*., 2007 WL 4454295, at *2 (W.D.Mich. Dec. 14, 2007) (citing *Olivo v. GMAC Mortg. Corp.,* 374 F.Supp.2d 545, 548 (E.D.Mich.2004)).

For Example, in *Parker v. Rowland Express, Inc.,* an Eight Circuit Court denied Plaintiff's motion for conditional certification during the notice stage as a result of the Plaintiffs failure to provided evidence of that similarly situated individuals actually desire to join the lawsuit, as there is no guarantee they will seek to in the future. *Parker v. Rowland Express, Inc.,* 492 F. Supp. 2d 1159, 1164–65 (D. Minn. 2007). Following the Eleventh Circuits direction, the Court in *Parker* stated, "Before a conditional-certification motion may be granted, a named Plaintiff (or Plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt-in to the litigation." *Id.* See also *Behr v. AADG, Inc.*, 136 F. Supp. 3d 1012, 1017-18

(N.D. Iowa 2015) ("The Plaintiff must show that similarly situated persons exist and want to opt-in."). The Court further states, "In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment." *Id*. The holding in *Parker* is evidenced by other Circuit Courts belief "an FLSA Plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." E.g., *Mackenzie v. Kindred Hosps. East, L.L.C*., 276 F.Supp.2d 1211, 1220 (M.D.Fla.2003); *Severtson*, 137 F.R.D. at 267 (noting that courts "have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation")." *Id*.

## B. THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION.

**1. Plaintiffs Have Failed To Identify "Similarly Situated" Parties They Purport To Represent In Bringing This Action.**

Here, the Plaintiff alleges they represent a putative class of members who have all been together the victim of a single decision, policy, or plan that is in violation of the FLSA. While the Plaintiff alleges there are several potential Plaintiffs who have suffered from the alleged violation of the FLSA, Plaintiff fails to identify any of these potential co-parties, the specific events that implicate these parties, or any evidence beyond mere allegations these parties have been harmed. Plaintiff claims she is bringing a lawsuit, on behalf of all others all similarly situated, but fails to identify a single other plaintiff. The Plaintiff has provided only an affidavit from herself as the basis for her motion for conditional certification without providing any evidence as to additional parties who wish to opt-in, affidavits by any of these referenced opt-in plaintiffs, or any evidence purporting additional parties have actually been injured. The Plaintiff erroneously attempts to rely on a belief that the Plaintiff carries such a "lenient burden" during

the notice stage that conditionally certification is regularly granted with virtually no inquiry into facts purporting an injured class. While the Court will not rule on the merits of the facts during step-one of the two-step analysis, the Plaintiff still possesses the burden of identifying and providing substantial and specific allegations providing a factual nexus that binds the named Plaintiff and potential class members together. The Plaintiff has failed to meet even this lenient burden.

The Plaintiff alleges herself as well as other (unidentified) employees were denied lawful over-time compensation for hours worked in excess of forty (40) hour per week as required by the FLSA and the Arkansas Minimum Wage Act ("AMWA"). The Plaintiff then relies on her own affidavit as support of this claim, in which she states she personally observed these alleged violations occurring as a result of her position as property manager and her duties overseeing/handling the Defendant's payroll. (Ex. 7, Declaration of Cynthia Galigher). The Plaintiff, however, fails to provide any factual support to these allegations, as well as provide any evidence or affidavits of any potential Plaintiffs who have observed, complained, or been affected by this alleged policy other than her own personnel testimony that she has spoken to other "employees."

Further, Plaintiff has failed to even allege that other potential Plaintiffs have claimed to be entitled to or owed any overtime pay in the first place. Therefore, the only evidence Plaintiff relies on when bringing her Motion for Conditional Certification, is mere speculation that other Plaintiffs, who were also "hourly-paid workers" may be out there. The only definitive identifier the Plaintiff states about these potential parties is that they were paid an hourly rate and employed by the Defendants. This minimal factual nexus between the parties is much too broad of a class to meet the burden for class-certification. However, even incorporating such a broad

class, Plaintiff has still failed to identify even one other Plaintiff similarly situated. In fact, Plaintiff herself states in her Motion for Conditional Certification, she "believes" there are other potential Plaintiffs who would want to join a lawsuit, but she fails to identify any names or even a definite number. (Galigher Dec. at 19). Courts in the Eighth Circuit have held a Plaintiff is not entitled to conditional certification "simply to seek out others who might wish to join the action" and in the absence of evidence showing "similarly situated" individuals want to opt-in there is no basis for a "court to conclude a action was a 'appropriate case' for collective- action treatment." *Parker* at 1165.

### C. THE PLAINTIFF'S PROPOSED NOTICE IS IMPROPER

1. **Defendants Request Additional Time to Address Plaintiff's Proposed Notice if Conditional Certification is Granted.**

Because the question of conditional certification must be determined before the consideration and issuance of notice, Separate Defendant does not herein fully detail the flaws in the proposed notice. In the event, the Court grants conditional certification in this case and authorizes notice, the Defendant respectfully requests additional time to address, in greater detail, Plaintiff's proposed notice as well as an order requiring the parties to meet and confer in drafting the proposed notice.

2. **Applicable Legal Principles to Plaintiffs Proposed Notice**

Plaintiff has erroneously interpreted the applicable law governing collective action to allow for solicitation through the judicial system. The Plaintiff's proposed notice is improper on several aspects in which the Court should not allow.

Courts have broad discretion over the notice process and can instruct parties to prepare a joint form of notice for the court's approval or modify a party's proposed notice. See *Santinac v.*

*Worldwide Labor Support of Ill., Inc.*, 107 F. Supp. 3d 610, 619 (S.D. Miss. 2015). However, while the court must set standards for the form and method of providing notice, it must scrupulously avoid endorsing or appearing to endorse the merits of the underlying claim. See *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

### I. The Use of Email to Distribute Notice is Improper

Plaintiff's counsel has requested the use of email to distribute notice to potential opt-in Plaintiffs. This additional method of distribution is redundant and distribution solely by mail and subsequent postcard "avoids undue invasions of privacy and undue pressure that can come with multiple messages through multiple avenues." *Brown v. Trinity Prop. Mgmt., LLC*, No. 4:19-CV-617-LPR, 2019 WL 6834018, at *8 ((E.D. Ark. Dec. 13, 2019)(See also *Shumard v. Pilot Corp.*, No. 4:19-CV-00426 BSM, 2020 WL 1980087, at *1 (E.D. Ark. Jan. 7, 2020)) The Plaintiff has only provided testimony from her own attorney as to the need for this heightened level for distribution. Plaintiff's counsel's testimony is insufficient and lacking enough evidentiary support to justify this additional method of communication. Plaintiff has not provided enough evidence to support her argument or show the unrealistic nature or impracticability of asking potential class members to show their decision to opt-in by the traditional means of signing a paper consent form and returning it through the mail. Plaintiff's counsel alludes to previous instances in which the mail system has allegedly struggled in effecting notice. These arguments are unsubstantiated and mere allegations requiring support from admissible evidence accompanying.

Further, Plaintiff requests the ability for potential opt-in plaintiffs to electronically sign consent-to-join forms. The Court should deny this request as Plaintiff has not demonstrated that

putative plaintiffs require this additional method for communicating consent or their ability to return the opt-in form by mail should more than facilitate communication of their intent to join.

## II. The Plaintiff's Proposed Notice Fails to Respect Court Neutrality.

The proposed Notice should remain neutral as to the merits of the case and clearly portray the Court has no position with respect to each parties' respective arguments. The Supreme Court has held that courts "must be scrupulous to respect judicial neutrality," and ". . . take care to avoid even the appearance of judicial endorsement of the merits of the action. *Id.* Therefore, the Separate Defendant would request a bold statement and placed at the top of the first page. See *Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530, 540 (N.D. Cal. 2007).

Secondly, the Separate Defendant's object to the conclusory nature of the title. "Notice of Right to Join Lawsuit" implies that the potential Plaintiff has meritorious claims without regard to any specific facts substantiating those claims. The Separate Defendant suggests a more neutral title such as, "Notice of Pending Litigation," would be more appropriate. Further, the statement in uppercase letters at the conclusion of paragraph number one (1) discussing monetary gain is unacceptable. The statement creates the impression the judiciary has already decided on the merits or favors the Plaintiff's case in the matter, and as a result, monetary awards will be given. This statement is misleading and amounts to improper solicitation, therefore the statement "YOU DON'T HAVE TO JOIN THIS CASE, BUT IF YOU DON'T, YOU WILL NOT RECEIVE ANY MONEY FROM THIS CASE," should be stricken or changed to reflect a neutral judiciary.

## III. Plaintiffs Requested Opt-In Period of Ninety (90) Days Is Too Lengthy.

Plaintiff requests a ninety (90) day opt-in period for potential plaintiffs to return signed consent forms. Separate Defendant contends this period is too long. Alternatively, Plaintiff proposes a period of forty-five (45) days for potential plaintiffs to return their consent forms.

This shorter timeframe furthers the public policy of efficiency associated with collective actions, as well as provides greater protection for potential plaintiffs from expiration of their claims. Further, the forty-five (45) day period suggested by the Separate Defendant is adequate time for this case, as the Plaintiff claims there is a small class of putative plaintiffs, and such time period would allow for an efficient but diligent effort to effect notice without undue delay prejudicing the Separate Defendant.

While the Separate Defendant maintains the Court should not grant "conditional certification" in this case, and therefore not allow notice to be mailed at all. Separate Defendant would like to alternatively request the aforementioned changes should notice be allowed and that additional time to respond to the proposed notices, as well as an Order requiring that the parties meet and confer regarding notices.

## IV. CONCLUSION

Plaintiff brings this Motion for Conditional Certification, with little to no knowledge of other similarly situated Plaintiffs. While Plaintiff presents some personnel testimony as to the basis for her Motion, she fails to provide any colorable basis for her allegations. Plaintiffs failure to identify any similarly situated plaintiffs or provide evidence beyond mere allegations as to nature of her claims results in her failure to provide an articulable reason this case should receive collect- action treatment. Plaintiff's Motion is merely an attempt to "create-a-class" by using the judicial system to solicit potential plaintiffs. Thus, the Court must deny the Plaintiff's Motion for Conditional Certification, as she has failed to specifically identify a class in which she represents falling below the minimal burden required to advance past the "notice" stage.

WHEREFORE, PREMISES CONSIDERED, the Separate Defendant, Nathan Fritze, prays that the Plaintiff's Motions be denied and dismissed with prejudice;  that Conditional Certification

be denied; that he be awarded his expenses for responding thereto, including a reasonable attorney's fee under the FLSA and AMWA; and for any and all other relief to which he may prove himself to be entitled.

NATHAN FRITZE

BY: _____
Joshua A. Daniels
Bar No. 2020146
WATSON LAW FIRM, P.A.
3291 S. Thompson, Ste. B-101
Springdale, AR  72764
Phone: (479) 750-7717
josh@watsonlawfirmpa.com

## CERTIFICATE OF SERVICE

I, Joshua A. Daniels, attorney for the ***Defendant***, Nathan Fritze, herein, state that I have served a true and correct copy of the above and foregoing by depositing a copy of the same in the United States Mail, by facsimile, email, hand delivered, **via the Arkansas Judiciary Electronic Filing (aka eFlex) or otherwise presented, to:**

Lydia H. Hamlet
SANFORD LAW FIRM, PLLC
850 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211

on this day the 1st day of December 2020.

_____
Joshua A. Daniels