UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA GALIGHER, individually
and on behalf of all others similarly
situated                                                                                                PLAINTIFF

v.                                              No. 2:20-CV-02140

NEO CABINET, INC., NEO
HOLDINGS, LLC, and
NATHAN FRITZE                                                                                DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Cynthia Galigher's motion (Doc. 18) for conditional certification, brief in support (Doc. 19), and other supporting documents. Defendant Nathan Fritze filed a response (Doc. 20). Defendants NEO Cabinet, Inc. and NEO Holdings, LLC also filed responses (Docs. 21, 22). Plaintiff, with leave of Court, filed a reply (Doc. 25). For the reasons set forth below, Plaintiff's motion will be granted as stated herein.

**I.     Background**

Plaintiff seeks conditional certification to provide notice to all former and current hourly employees of NEO Cabinet, Inc. ("NEO Cabinet"), NEO Holdings, LLC ("NEO Holdings"), and/or Nathan Fritze (collectively "Defendants"). NEO Cabinet is a furniture and cabinet installation company, and NEO Holdings is a real estate and property management business. Plaintiff alleges she was a shared employee of Defendants from July 2019 to July 2020. Plaintiff worked as a bookkeeper for Defendants until March 2020, when she began working as both a bookkeeper and a property manager. Plaintiff's responsibilities as Defendants' bookkeeper included handling accounts payable, collections on receivables, payroll, and other various bookkeeping duties. The property manager position required Plaintiff to collect and record rent

1

payments, remain on-call for tenants, respond to emergency maintenance calls, list and show properties to prospective tenants, and maintain files for properties. Plaintiff contends that she and other hourly employees regularly worked over 40 hours a week but Defendants did not pay them an overtime premium of 1.5 times their hourly rate for hours worked in excess of 40. Plaintiffs allege Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA"). Plaintiffs seek conditional certification of their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), approval of authorization to issue notice to putative class members, disclosure of contact information, and approval of the proposed notice and consent-to-join forms.

## II. Discussion

### A. Conditional Certification

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)). This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires plaintiffs to use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23. *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential

opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)); *see also Hoffman-La Roche*, 493 U.S. at 169) (internal quotations omitted).

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class. The Supreme Court has hinted that the rules for joining similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). The Court will follow the historical approach

because, if satisfied, it demonstrates that Plaintiff's claims and claims of the putative class involve the same transaction or occurrence and common questions of law and fact.

Under the two-stage approach to certifying a collective action, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether Plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940–41. While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted). Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action. *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d at 940).

Defendants argue Plaintiff has failed to identify similarly situated parties or specific facts demonstrating potential opt-in plaintiffs were not correctly paid overtime wages. However, Plaintiff's affidavit states Defendants' other hourly employees were not correctly paid for hours worked in excess of 40 hours a week. This affidavit is based on Plaintiff's personal knowledge

derived from her employment as a bookkeeper and discussions with other hourly employees. Plaintiff's bookkeeper role required her to enter hourly employees' time for payroll where she learned hourly workers were not appropriately paid overtime. The decision to certify a class is typically determined "based solely on the affidavits presented by plaintiffs." *See Buford v. Superior Energy Servs., LLC*, 2018 WL 6441097, *4 (E.D. Ark. June 1, 2018) (internal citations and quotations omitted). Plaintiff has presented sufficient evidence of a similarly situated class based on her personal knowledge. *See Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y. 2015) (finding the "focus of the court's inquiry is not on the defendant's evidence, but on whether the plaintiffs have made their requisite showing . . . Defendant's challenges are . . . premature . . . [and] defendant's attacks on plaintiffs' affidavits and other evidence raise questions as to whether plaintiffs could prevail under a more stringent standard and . . . survive a decertification motion"); *Pressler v. FTS USA, LLC*, 2010 WL 1904974, at *4 (W.D. Ark. May 12, 2010). Further, it is not necessary for Plaintiff to allege a formal policy that failed to provide overtime. *See Chime*, 137 F. Supp. 3d at 201-02.

Plaintiff's testimony, based on experience, entering payroll, and discussions with other hourly employees, is that hourly employees were not paid 1.5 times their regular hourly rate for hours worked in excess of 40 per week. Plaintiff's affidavit is based on her personal knowledge of the de facto policy gained as Defendants' employee. *See Simons v. Valspar Corp.*, 2011 WL 1363988, *3 (D. Minn. Apr. 11, 2011) (holding plaintiffs, as employees, can gain personal knowledge of employer's polices during course of employment). Plaintiff's evidence is sufficient to demonstrate Defendants' common policy of not paying hourly employees the overtime compensations.

Considering the factors listed above, the Court finds that under the lenient standard

applicable to this notice stage of certification, Plaintiff has met her burden to demonstrate that she is similarly situated with other putative class members. Accordingly, the Court will conditionally certify this action. Regarding the class definition, Plaintiff requests that the Court conditionally certify and approve notice for the following class: all hourly employees who worked more than forty hours in any week within the past three years. Defendants make no objection to this class definition. However, because the definition does not clarify the time frame, the definition must be amended as follows: all hourly-paid employees who worked more than forty hours in any week anytime since August 12, 2017.

### B.     Form of Notice and Consent-to-Join

Plaintiff has submitted a proposed notice, a consent to join, and a second notice of right to join (to be sent to non-responding class members 30 days after the initial notice is sent). Defendants object to certain aspects of these documents and propose certain changes, but Defendants also request additional time to address issues of notice and a Court order requiring the parties to meet and confer regarding notice. The Defendants do not present any compelling reasons as to why additional time is needed to address any additional objections with the proposed notice and distribution. Further, the Court does not find it necessary for the parties to meet and confer regarding notice when Defendants were given the opportunity to address any objections in this briefing, and any notice, even if unopposed, requires this Court's approval. The Court will address each of Defendants' objections and proposals in turn.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170. The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172.

A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012).  When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants."  *Diaz v. New York Paving Inc.*, 340 F.Supp.3d 372, 386 (S.D.N.Y. 2018) (internal alterations and citation omitted).

Defendants argue the proposed notice lacks neutrality and request a bold statement be placed at the top of the page.  However, Defendants do not offer any suggestions as to what this bold statement should contain.  The first page of the proposed notice clarifies the notice is being sent from Mr. Josh Sanford, not the Court.  Further, the proposed notice adequately explains the Court has not "ruled on or decided any of the issues" and informs potential class members that they have the right to hire their own attorney and pursue their own potential claims individually.  The Court finds the notice is sufficiently neutral and provides potential class members with information needed to make an informed decision about whether to participate.

Defendants also object to the title of the proposed notice and argue it should be changed from "Notice of Right to Join Lawsuit" to "Notice of Pending Litigation" because the proposed title implies the potential class members have meritorious claims.  Defendants also argue the statement "YOU DON'T HAVE TO JOIN THIS CASE, BUT IF YOU DON'T, YOU WILL NOT RECEIVE ANY MONEY FROM THIS CASE" in paragraph 1 of the notice should be removed because it creates the impression the Court has already decided on the merits and monetary awards will be given.  The Court disagrees.  The notice informs potential class members that the Court has not made any decision regarding the merits of the claims.

With exception to the changes below, the notice should remain as proposed.  The Court

orders the proposed notice to be changed as follows:

> (3)   DESCRIPTION OF LAWSUIT: Plaintiff in this case is a former hourly-paid employee of Defendants NEO Cabinet, Inc., NEO Holdings, LLC, and/or Nathan Fritze (collectively "Defendants"). Plaintiff filed a lawsuit against Defendants asserting that Defendants violated federal law in miscalculating overtime wages for hourly employees. Defendants deny Plaintiff's claims and allegations. Defendants assert that they complied with the law and properly compensated all of their hourly employees. If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fort Smith. The Court has not ruled on or decided any of the issues, including the merits of the claims or defenses.

The "**TO:**" field in the notice must also be changed to read: All hourly employees who worked more than forty hours in any week any time since August 12, 2017. The first sentence in the body of the email notice must also be changed to state "Please see attached Notice regarding a lawsuit for miscalculated overtime wages against NEO Cabinet, Inc., NEO Holdings, LLC, and/or Nathan Fritze." The remainder of the email notice remains as proposed.

> The Court orders the postcard be changed to read as follows:
>
> On _____ ___, 2021, you were sent a **Notice of Right to Join Lawsuit** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff. You are being sent this second notice because you must join the lawsuit if you want to become a member of the class. If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below. <u>If you already sent a Consent, it has not been received.</u> The consent must be received by _____ ___, 2021. The Court neither encourages nor discourages participation in this lawsuit.

The title of the postcard should also be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit." This change will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

### C.   Dissemination of Notice and Requests for Information

Plaintiff has also requested notice through U.S. Mail and email. Plaintiff further requests Defendants post the Notice in a location where Defendants post government-required notices. The

Court will grant Plaintiff's request to send a notice through U.S. Mail and to email notice of right to join lawsuit. The Court also grants Plaintiff's request to send a second notice of right to join lawsuit via U.S. Mail, but no second notice may be sent via email.

Plaintiff requests sending notice through email in addition to U.S. Mail because of the problems that occur when notice is sent by U.S. Mail. The proposed email notice provides potential class members with a way to sign the consent to join electronically. "Electronic communication is commonly utilized and is an appropriate, convenient, and efficient manner of communication with potential plaintiffs in FLSA actions." *Middleton v. Hempstead Cty, Ark.*, Case No. 4:18-cv-4112, 2019 WL 3948106, at *4 (W.D. Ark. Aug. 21, 2019). Defendants argue email is improper because it is redundant and Plaintiff has not shown enough evidentiary support to justify an additional method of communication. Although Plaintiff did not adequately put forth facts specific to this case, the Court finds that it is reasonable to permit Plaintiffs to send notice through email. *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("This has become a much more mobile society with one's email address and cellphone number serving as the most consistent and reliable method of communication."). Plaintiff's request for potential opt-in plaintiffs to sign the consent electronically will also be granted. *Adkinson v. Tiger Eye Pizza, LLC*, Case No. 4:19-CV-4007, 2019 WL 5213957, at *9 (E.D. Ark. Oct. 16, 2019) ("The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.'") (internal citation omitted). Plaintiff proposes a follow-up postcard be sent 30 days after the notice is distributed. Plaintiff also requests this postcard be sent via email, or via U.S. Mail for any specific potential opt-in plaintiffs for which Plaintiff does not have an email address. The Court finds the request to use a reminder postcard should be granted but to ensure uniformity in communications with those potential opt-ins who have not

responded and to reduce the likelihood that potential opt-ins would perceive the Court as encouraging participation in this lawsuit, only distribution by U.S. Mail is approved for the follow-up notice.

Plaintiff's request that Defendants be required to post the notice in a conspicuous location at its facilities will be granted. *See Cruthis v. Vision's*, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013) (citing *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011) ("[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice.")).

Plaintiff requests the Court order Defendants to provide them with a list of the names, last known mailing addresses, telephone numbers, work and personal email addresses, and cell phone numbers of all potential plaintiffs within the class description. The Court will grant Plaintiff's request. *See, e.g., Melgar v. O.K. Foods, Inc.*, 2015 WL 1470092, at *2 (W.D. Ark. March 31, 2015) ("The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete electronic list of putative class members, together with their current or last known address, phone number, and email address.").

Plaintiff also requests the deadline to file opt-in plaintiffs' consent-to-join forms be set no earlier than 90 days after Defendants provide the putative members' contact information. Defendants object to the 90-day period and request a 45-day period because a shorter timeframe furthers the public policy of efficiency and provides protection for potential plaintiffs from the statute of limitations. The Court finds that a 60-day opt-in period is sufficient and will serve the interests of efficiently facilitating notice without further delaying the litigation. Therefore, a 60-day opt-in period is appropriate and will be authorized.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for conditional certification of a collective action and approval of notice (Doc. 18) is GRANTED. The motion is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all current and former hourly employees of NEO Cabinet, INC., NEO Holdings, LLC, and/or Nathan Fritze who worked more than forty hours in any week any time after August 12, 2017. Within 10 days after receiving the contact information for potential opt-in plaintiffs, Plaintiff must prepare and distribute notice to all putative plaintiffs as allowed by this order. Plaintiff must file any opt-in plaintiffs' signed consent-to-join forms with the Court within 60 days after receiving the contact information of potential opt-in plaintiffs.

- Defendants are directed to provide the names, mailing addresses, email addresses, and phone numbers of all putative members of the collective action. Defendants may provide this information in any reasonable format. **Defendants have until January 21, 2021 to deliver the contact information to Plaintiff.**

- Plaintiff's proposed notice and consent-to-join forms are approved in accordance with the changes above.

- Defendants are directed to post a copy of the notice in a conspicuous location at their facilities in an employee common area or where other notices of employee rights are posted.

IT IS SO ORDERED this 11th day of January, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE